McCAIN, Justice.
By petition for writ of certiorari, we have for review Order No. 5758 of the Florida Public Service Commission (Docket No. 72148-Rule, filed May 29, 1973). We have jurisdiction pursuant to Art. V, § 3(b)(3), Florida Constitution, F.S.A.
Pursuant to statutory authority,[1] the Public Service Commission has promulgated Rule 25-10.25(2), F.A.C., which provides as follows:
“(2) Each utility shall file with the Commission annual reports on forms prescribed and furnished by the Commission. These annual reports shall include a statement of the organization, general balance sheet, income account, revenue and expenses, and such other matters connected with the utility’s organization and operation as the Commission shall require, and shall be verified by the principal officers or owners of the utility making the report. These reports shall be filed with the Commission on or before March 31 for the preceding year ending December 31.” (Emphasis added.)
On March 16, 1972, the petitioners — Dr. Phillips, Inc. and its subsidiary, Dr. Phillips Utilities, Inc. — filed a petition for modification of Rule 25-10.25(2). According to their petition, Dr. Phillips Utilities, Inc. is engaged in the operation of a water-sewer system in Orange County, Florida. Dr. Phillips, Inc., a diversified company, is engaged in the operation of a water system in the same county.
The petitioners are currently, and have been since the 1930’s, utilizing an accounting period based upon a fiscal year ending *698 August 31. This period has been used by the petitioners for all purposes, including the filing of consolidated returns as required by the Internal Revenue Service. Because of the requirement of Rule 25-10.-25(2), that reports be filed annually with the Commission based upon a calendar year ending December 31, the petitioners filed their petition for modification.
In support of the petition, it was contended that compliance with the rule would “constitute an extreme burden and hardship upon petitioners” and that “such a requirement would entail considerable additional accounting expense each year.” Petitioners asserted that, because of such hardship, a modification of the rule would be just and reasonable and consequently authorized by Rule 25-10.01, F.A.C., which provides, in pertinent part, that “[t]he rules are subject to such exceptions as the Commission may consider just and reasonable in individual cases.”
On May 8, 1972, the Commission entered Order No. 5411, denying the petition for modification. In this order, the Commission stated in part:
“Section 350.58, Florida Statutes, 1927 [F.S.A.], requires that we must make an annual report to the Governor of all the transactions of our office. We depend, as we must, upon the annual reports, all on a calendar year basis, to prepare and submit these reports to our Governor.
“We further find that the gross receipts taxes imposed by the provisions of Section 367.151 are based upon a calendar year accounting of gross receipts and the correctness of the amount paid is initially verified by reference to the utility’s annual report covering the given period.
“The filing of a consolidated return with the Internal Revenue Service requires a refined and detailed set of records to show that common expenses are properly allocated each month between the various subsidiaries of Dr. Phillips, Inc. If the books and records of Dr. Phillips Utilities, Inc. and Dr. Phillips, Inc. are properly recorded each month, updating the accounts and records from August 31 to December 31 each year would require only the dropping of the first four months of August 31 statements and adding September, October, November and December of the latest calendar year. We find that this does not impose an extreme burden or hardship upon the petitioners here and that the reasons in the petition of Dr. Phillips Utilities, Inc. and Dr. Phillips, Inc. are not sufficient to justify an exception. . . . ”
The petitioners filed a petition for reconsideration of this order and at oral argument a request for an evidentiary hearing was made. By way of Order No. 5477, the Commission denied the petition for reconsideration without comment on the request for an evidentiary hearing. In reaching its decision, the Commission stated:
“Essentially, the petitioners’ request for reconsideration questions the merits of our Rule by challenging the dictum of our order.
“We may grant a waiver or modification of the Rule when we believe that the public interest is best served by granting such waiver. The petitioners’ arguments have not persuaded us that the public interest is best served by granting the request. . . . ”
The petitioners subsequently sought review of the Commission’s orders in this Court on August 3, 1972. Pursuant to a Commission motion, we temporarily relinquished jurisdiction in order for the Commission to hold an evidentiary hearing as had been requested by the petitioners during oral argument on the petition for reconsideration of Order No. 5411.
The hearing was held and on January 19, 1973, the hearing examiner recom *699 mended that the petition for modification be denied. On May 24, 1973, the Commission followed the recommendation of the hearing examiner and denied the petition in the order now before this Court for review. In reaching its decision, the Commission stated:
“Perhaps what the Examiner is saying is that the application of the ‘calendar year annual report rule’ is not unjust and unreasonable when considered in the light of our regulatory role. We do not believe the Rule imposes such a burden on the petitioner as to require us to modify our Rule for the petitioner any more than the Legislature is required to modify the application of a law which operates to burden a specific citizen.
“We require uniform information, based upon a uniform segment of time, by which to compare the investment in utility facilities and the cost of services in order to know what is reasonable and what is not reasonable. The principal method' we have employed for obtaining this information is the Annual Report of each water and sewer utility providing similar information covering the same period of time. We find that the provision of this information upon the basis set forth in our Rule 25-10.25(2) is of paramount importance and that the petition of Dr. Phillips, for modification of that Rule should be denied. . . . ”
The parties have now stipulated that the matter is administratively final and judicial review by this Court may proceed.
As pointed out by the petitioners, the Commission’s holding is based upon its conclusion that the cost to the Commission of granting this waiver far outweighs any harm which the petitioners might suffer. The petitioners argue that such a holding is unsupported by competent substantial evidence. We agree.
That the petitioners will suffer harm if not granted the waiver is indisputable. Competent substantial evidence to support such a finding consists of the testimony of Mr. Robert Simon, Assistant Treasurer of Dr. Phillips, Inc., Mr. H. E. Johnson, Executive Vice-President of Dr. Phillips, Inc., and Mr. D. Keith Cobb, a Certified Public Accountant. The only evidence in the record to the contrary concerns only the degree of harm and not the fact that harm will occur.
The record, however, does not support a finding that the cost to the Commission of granting the waiver will far outweigh the harm to the petitioners. In support of such a finding, the Commission initially found that filing of the reports under the rule was necessary in order for the Commission to file its annual report to the Governor. Fla.Stat. § 350.58, F.S.A., however, requires that the annual report to the Governor be filed on March 1, of each year. The reports required under the rule of the Commission are not due until March 31. It therefore seems apparent that a modification of the rule will not harmfully affect the filing requirements of the Commission.
The only other basis for such a finding is that by granting this modification other utilities will request such a waiver resulting in reports based upon various accounting periods. Such a result would substantially limit the Commission’s ability to acquire uniform information necessary for its operations. This finding is based upon an assumption, however, that to grant the modification in this case will open the flood gates to numerous petitions for modification. This reasoning overlooks the fact that we are dealing with only the parties before us. When we consider only the harm to the Commission resulting from granting the modification as to these petitioners it is clear that the holding of the Commission is not supported by competent substantial evidence.
In support of its order, the Commission argues that its decision is completely discretionary and not subject to judicial review. This argument is premised upon the *700 incorrect assumption that the cause before us involves a quasi-legislative'or rule-making proceeding and not a quasi-judicial proceeding. The difference between the two has been aptly stated as follows:
“Legislative functions have been distinguished from judicial, quasi-judicial, or adjudicatory functions by the element of generality in the former and particularity in the latter, that is, legislation operates against a class and judgments against individuals.
“ ‘Rulemaking,’ or legislation on the administrative level, is the function of laying down general regulations relating to classes of persons and situations as distinguished from orders that apply to named persons or to specific situations, the latter being adjudicatory in nature.” [2]
Applying this statement to the cause before us, it is apparent that the decision of the Commission was quasi-judicial in nature and thus subject to our review.
We have completely and thoroughly considered the remaining issues presented by the parties. These arguments are not convincing and do not warrant discussion.
Accordingly, Order No. 5758 of the Florida Public Service Commission is reversed and the cause remanded for proceedings not inconsistent herewith.
It is so ordered.
ERVIN, ADKINS and DEICLE, JJ., concur.
CARLTON, C. J., dissents.
BOYD, J., dissents with opinion.
ROBERTS, J., dissents and concurs with BOYD, J.

. Fla.Stat. § 367.121(1) (c) and (f) F.S.A.

. 1 Am.Jur.2d, Administrative Law § 164 (footnotes omitted).